```
                IN THE UNITED STATES DISTRICT COURT FOR THE

                      EASTERN DISTRICT OF CALIFORNIA


BRYAN L. HILL,                    )    No. CV-F-05-869 REC/TAG
                                  )
                                  )    ORDER STRIKING PLAINTIFF'S
                                  )    SUR-REPLY BRIEF (Doc. 14),
              Plaintiff,          )    GRANTING IN PART AND DENYING
                                  )    IN PART DEFENDANT'S MOTION
         vs.                      )    TO DISMISS, AND DIRECTING
                                  )    PARTIES TO PROCEED BEFORE
                                  )    MAGISTRATE JUDGE GOLDNER FOR
GORDON R. ENGLAND, SECRETARY,     )    CONSOLIDATION
UNITED STATES NAVY, et al.,       )
                                  )
                                  )
              Defendant.          )
                                  )
_____ )
```

On November 7, 2005, the court heard defendant's motion to dismiss.

Plaintiff, Bryan L. Hill, proceeding in pro per, has filed a Complaint for Damages, naming as defendants Gordon R. England, Secretary of the United States Navy; Tamara G. Morrison, alleged to be an attorney employed as the EEO Complaints Manager and EEO Agency Representative for the Naval Air Warfare Center Weapons Division; and Arlene B. Black, alleged to be employed as the Deputy Equal Employment Opportunity Officer for the Naval Air

1

Warfare Center Weapons Division.  The Complaint alleges two causes of action.  The First Cause of Action alleges a failure to accommodate plaintiff's disability and discrimination on the basis of plaintiff's disability in violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 791.  The Second Cause of Action alleges retaliation in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

### A. Filing of Sur-Reply Brief.

Plaintiff filed a filed a sur-reply brief on October 31, 2005 in response to the reply in support of the motion to dismiss filed by the United States.  Plaintiff did not request leave of court to do so.  A sur-reply brief is not authorized by Rule 78-230, Local Rules of Practice, or by the Federal Rules of Civil Procedure.  As explained in Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D.Ga. 2005):

> Although the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.

Here, the United States' reply brief does not raise new arguments - it merely reiterates the grounds for dismissal asserted in its opening brief.  It is apparent from the sur-reply brief that plaintiff is merely posing the same or additional arguments in opposition to the motion to dismiss.  Therefore, the court will not consider the sur-reply brief in resolving the motion to

2

dismiss and hereby strikes it.

Furthermore, plaintiff is warned that his pro per status does not excuse his failure to comply with the Local Rules of Practice and the Federal Rules of Civil Procedure.  Failure to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and any orders of this court may result in the imposition of sanctions, including the striking of improperly filed pleadings, monetary sanctions and dismissal.

B. Motion to Dismiss.

The action presently before the court is the third such action filed by plaintiff.  The first action filed by plaintiff is Hill v. Secretary of the Navy, No. CV-F-03-6903 REC/TAG (Hill I).  The second action is Hill v. Secretary of the Navy, No. CV-F-04-5598 REC/TAG (Hill II).  Hill I and Hill II have been consolidated, the appropriate case number being No. CV-F-03-6903 (hereinafter Consolidated Hill Action).  The consolidated Hill action is now proceeding pursuant to a Second Amended Complaint filed on January 19, 2005.  As will be discussed infra, defendant moves to dismiss certain allegations and the First Cause of Action of the instant complaint as duplicative of allegations in the Consolidated Hill Action.  From the court's review of the two actions, the allegations of both actions arise out of and relate to plaintiff's claims that he was discriminated against in his employment because of his age, disability, perceived disability, and because he was a whistleblower and in retaliation for the filing and prosecution by him of several EEO complaints while

employed at the Weapons Division at the China Lake facility of the Naval Air Warfare Center.  The Consolidated <u>Hill</u> Action was filed after plaintiff exhausted his administrative remedies under Title VII while the instant complaint was filed after plaintiff exhausted his administrative remedies before the Merit Systems Protection Board and the EEOC.

        1.  <u>Dismissal of Defendants Morrison and Black</u>.

Defendants move to dismiss the Complaint to the extent that it names Morrison and Black as defendants.

The motion to dismiss is granted on this ground.  The only proper defendant in civil actions under Title VII and the Rehabilitation Act is the "head of the department, agency, or unit, as appropriate ...."  42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1).  <u>See also</u> <u>Carlson v. Veneman</u>, 2002 WL 413807 (N.D.Cal. 2002):

> ... When a federal employee asserts a claim under Title VII, that statute is exclusive of any other remedy against not only the federal government, but also against individual federal employees alleged to have participated in the discrimination ... The purpose of Title VII was to create 'an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination.' ... For this reason, a plaintiff may not 'bootstrap' additional causes of action against the United States, the agency, or individual employees onto his Title VII complaint.

Although plaintiff argues that dismissal of Morrison and Black is not required because of allegations that they were not acting within the scope of their duties and responsibilities,

4

such contention does not negate the fact that the only proper defendant under the causes of action alleged in the Complaint is the Secretary of the Navy.  Equally meritless is plaintiff's contention that Morrison should not be dismissed as a defendant in this action because of she no longer works for the Navy and plaintiff has not been able to locate her for service of process. Plaintiff contends that Morrison should not be dismissed until counsel for defendant advises him of Morrison's current whereabouts.  The issue of service of process is not germane to the legal conclusion that Morrison is not a proper defendant to the causes of action alleged in the Complaint.

Therefore, this action is dismissed against defendants Black and Morrison.

        2.  <u>Allegations Concerning Handling of EEO Complaints</u>.

Defendant also moves to dismiss allegations concerning the handling of plaintiff's EEO complaints by Navy personnel, including personnel employed by the Naval Air Warfare Center Weapons Division.

Defendants are entitled to dismissal of these allegations to the extent that plaintiff intends them to constitute violations of Title VII or the Rehabilitation Act.

29 C.F.R. § 1614.107(a)(8) provides in pertinent part:

> (a) Prior to a request for a hearing in case, the agency shall dismiss an entire complaint:
>
> ...
>
> (8) That alleges dissatisfaction with the processing of a previously filed complaint

5

1           ....
2  "Title VII 'does not create an *independent* cause of action for
3  the mishandling of an employee's discrimination complaints.'"
4  <u>Nelson v. Greenspan</u>, 163 F.Supp.2d 12, 18 (D.D.C. 2001), <u>quoting</u>
5  <u>Young v. Sullivan</u>, 733 F.Supp. 131, 132 (D.D.C. 1990), <u>aff'd</u>, 946
6  F.2d 1568 (D.C.Cir. 1991), <u>cert. denied</u>, 503 U.S. 918 (1992).
7  <u>See also</u> <u>Ashcroft v. Bolden</u>, 2005 WL 1903567 (D.D.C. 2005):

> Finally, plaintiff's claims relating to the *processing* of his administrative claim before the EEOC must also be DISMISSED because plaintiff's dissatisfaction with the EEO administrative process does not provide the basis for either a separate EEO claim or a federal claim of discrimination ... The 'right' to be free of discrimination is 'wholly preserved, even if the EEOC errs in its processing of the charge, by the right of a trial *de novo*.' ....

<u>Accord</u> <u>Daloian v. Veneman</u>, 2005 WL 2219270 (E.D.Cal. 2005):

> It is well established that Congress has not authorized - either expressly or impliedly, either in Title VII or elsewhere - 'a cause of action directly against the EEOC for misprocessing of claims asserted against third party employers.' ... Instead, Congress has provided the ability to pursue de novo judicial proceedings with the EEOC's handling of their charge. ....

In <u>Mayes v. Potter</u>, 2003 WL 23220738 (W.D. Mich. 2003), the district court held:

> Plaintiff contends that these cases are inapposite because Plaintiff is not suing the EEOC, but his employer. The Court does not find this distinction material. In cases involving claims against federal agencies, the agency itself is required to conduct the EEO investigation in lieu of the EEOC ... Thus, in failure to investigate cases, the agency stands in the same position as the

6

> EEOC. Plaintiff's remedy, when he was unhappy with the processing of his administrative claim, was to file a lawsuit challenging the agency's decision. '[A]n employee ... if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action.' 42 U.S.C. § 2000e-16(d). Plaintiff does not have a separate claim against the agency for failure to investigate and Plaintiff cannot resurrect a claim he failed to pursue in a timely fashion by recasting it as a failure to investigate claim.

Plaintiff opposes this section of the motion to dismiss by relying on Equal Employment Opportunity Commission Management Directive 110 as negating defendants' claim that 29 C.F.R. § 1614.107(a)(8) "does not allow the inclusion of claims concerning the conduct of Defendant's Equal Employment Opportunity process into an existing Equal Employment Opportunity Complaint." Plaintiff also attempts to distinguish some of the cases relied upon by defendants, contending that the facts are different or that the cases preceded Directive 110, which was issued in 1999. In addition, plaintiff argues that the alleged actions of the various EEO officers at his place of employment can establish that plaintiff was subjected to a hostile work environment.

Plaintiff's arguments in opposition to this aspect of the motion to dismiss are without merit. Nowhere does Directive 110 authorize a claim under Title VII or the Rehabilitation Act for the mishandling of an EEO complaint. Furthermore, as noted <u>supra</u>, a number of the cases upon which defendants rely were issued after 1999. Finally, whatever factual distinctions may

7

exist in some of the cases cited by defendants, it nonetheless remains the law that an independent claim based on the mishandling of an EEO complaint cannot be stated under Title VII or the Rehabilitation Act.  Of course, evidence of the mishandling of an EEO complaint might be admissible evidence of an employer's discriminatory motive in the allegedly adverse employment action and might be admissible evidence establishing a hostile work environment.[1]  However, plaintiff cannot rely on the allegations of mishandling of his EEO complaints by employees of the defendant as constituting, of itself, a violation of Title VII or the Rehabilitation Act.  Therefore, to the extent that the Complaint intends to so allege, the contested allegations do not state a claim upon which relief can be granted and are dismissed on that ground.

3.  <u>Duplicative Allegations</u>.

Defendants move to dismiss certain allegations of the Complaint in this action and the First Cause of Action in this Complaint, contending that they are duplicative of allegations in the consolidated <u>Hill</u> action's Second Amended Complaint.

The court has reviewed the allegations and the cause of action described by defendants.  They are to a large extent duplicative of allegations and causes of action in the consolidated <u>Hill</u> action.  Although plaintiff argues that the issues and facts of the two actions are not identical, they are

---

[1] The court, of course, is expressing no opinion as the admissibility of any such evidence in this case.

extremely similar. However, rather than dismissing the allegations on this ground, the court concludes that the better resolution will be consolidation of the duplicative allegations with the allegations in the Consolidated <u>Hill</u> Action. Therefore, the court orders the parties to go before Magistrate Judge Goldner for further proceedings concerning consolidation of the duplicative allegations and the First Cause of Action with the Consolidated <u>Hill</u> Action.[2]

ACCORDINGLY:

1.  Plaintiff's sur-reply brief (doc. 14) is stricken.

2.  Defendant's motion to dismiss is granted in part and denied in part.

3.  The parties are ordered to go before Magistrate Judge Goldner for further proceedings regarding consolidation.

IT IS SO ORDERED.

**Dated: November 8, 2005**               /s/ Robert E. Coyle
668554                                    UNITED STATES DISTRICT JUDGE

---

[2] At oral argument, the parties expressed concern that consolidation of this action with the Consolidated <u>Hill</u> Action could result in delay of the final resolution of the Consolidated <u>Hill</u> Action, especially since defendant has already deposed plaintiff in connection with the allegations of the Consolidated <u>Hill</u> Action. Defendant intimated that consolidation of all three actions might be sought after resolution of anticipated dispositive motions in the Consolidated <u>Hill</u> Action. The court's order above refers to the allegations and the cause of action that duplicates those in the Consolidated <u>Hill</u> Action. However, the court also instructs the parties to bring before Magistrate Judge Goldner consolidation of all three actions.

9